IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Criminal No. **3:21-cr-00418-L** |
| **DERRICK LEE PERRY** | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Derrick Lee Perry's ("Defendant" or "Mr. Perry") Motion to Dismiss Count 1 of the Indictment (Doc. 16) ("Motion"), filed on November 15, 2022. After a careful review of the Motion, the Government's response, the record, and applicable law, the court **denies** Defendant's Motion.

### I.   Background

On December 14, 2021, the Government filed a one-count Indictment (Doc. 1) against Mr. Perry that charges him with knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding a year, that is, a felony offense, while knowingly possessing a firearm in and affecting interstate and foreign commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Section 922(g)(1) provides:

> It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year [] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

**Memorandum Opinion and Order – Page 1**

II. **Discussion**

A. **The Parties' Arguments**

Responding to the Indictment, Mr. Perry "concedes that [his Motion to Dismiss] is foreclosed by Fifth Circuit precedent and raises it to preserve review." Doc. 16 at 1. Nevertheless, Mr. Perry contends that Section 922(g)(1) exceeds Congressional power under the Commerce Clause because the statute criminalizes possession of a firearm "merely because it has, at some point in the indefinite past, and unrelated to the defendant's conduct, or any commercial transaction, crossed state lines." *Id*. at 2. He argues that *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), and *United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir. 1999), while precedential and binding on this court, were wrongly decided by the Fifth Circuit. *Id*. at 1.

Specifically, Mr. Perry contends that there are three categories of enactments that flow from the Constitution's provision allowing Congress to: (1) regulate use of the channels of interstate commerce; (2) regulate and protect the instrumentalities of interstate commerce; and (3) regulate activities having a substantial relationship to interstate commerce. *Id*. at 2 (citing *United States v. Lopez*, 514 U.S. 549, 558-559 (1995)). Section 922(g)(1), he argues, fails to fall into any of these categories because it regulates possession of an object that at one time moved through commerce and has "no more clear and substantial effect on interstate commerce" than other examples of firearm-possession regulations that the Supreme Court overturned on Commerce Clause arguments. *Id*. at 3 (citing *Lopez*, 514 U.S. 549 (1995)).

In the alternative, Plaintiff asserts that the court should construe Section 922(g) "to require a more definite relationship to interstate commerce than the mere movement of a firearm across state lines" in the past. *Id.* at 3-4. For this reason, Plaintiff argues that Section 922(g)(1) exceeds

**Memorandum Opinion and Order – Page 2**

the constitutional scope of the Commerce Clause and is therefore unconstitutional as charged against him.[1]

The Government filed a brief Response to Motion to Dismiss ("Response") (Doc. 18), asserting that the Fifth Circuit has held that the statute is both a constitutional use of the Commerce Clause and that the Government's proof that the firearm has a past connection to interstate commerce satisfies the statute's prohibition on certain individuals' possession of a firearm. Doc. 18 at 1.

### B. Analysis

Defendant's Motion to Dismiss is apparently made pursuant to Federal Rule of Procedure 12(b)(3)(B)(v).[2] A court may grant a motion to dismiss an indictment if the defect is one essentially a question of law. *United States v. Flores*, 404 F.3d 32, 324 (5th Cir. 2005). Motions to dismiss that question the constitutionality of a statute are such questions of law that are proper for the court to review. *Id.*; *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) ("The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper.") (citation omitted).

Applying this standard, the court agrees with both Defendant and the Government, and concludes that 18 U.S.C. § 922(g) as charged against Defendant in the Indictment is constitutional

---

[1] Defendant does not ask the court to analyze Section 922(g)'s constitutionality under the Second Amendment. Although there have been recent changes to Section 922(g) as related to the Second Amendment at both the Supreme Court (*New York States Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)), and the Fifth Circuit (*United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023)), the court limits its review of the statute as charged against Defendant in the context he seeks: the Commerce Clause. The court will not *sua sponte* address arguments made pursuant to the Second Amendment.

[2] Defendant fails to state the authority upon which his Motion to Dismiss is based. Accordingly, the court reasonably infers that his Motion to Dismiss is made pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

**Memorandum Opinion and Order – Page 3**

under existing Supreme Court and Fifth Circuit precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir. 1999). As this court is bound by this precedent, as Defendant agrees, the court will not overturn the statute by granting Defendant the relief he seeks in the Motion to Dismiss. Accordingly, the court **denies** the Motion to Dismiss.

### III.  Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion to Dismiss (Doc. 16).

**It is so ordered** this 19th day of April, 2023.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge